IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALVIN H. DANIELS, # 165590,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Civil Action No. 2:17cv606-MHT |
| ) | (WO) |
| DERRICK CARTER, *et al.*,   ) | |
| ) | |
| Respondents.   ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on September 11, 2017, by Alvin H. Daniels ("Daniels"), a state inmate incarcerated at Bullock Correctional Facility in Union Springs, Alabama.  (Doc. No. 1.) Daniels challenges his guilty plea conviction for public intoxication entered in the City of Anniston Municipal Court in June 2016.

### II.   DISCUSSION

Title 28 U.S.C. § 2241(d) allows Daniels to bring his § 2254 petition in either (a) the district court for the district wherein he is in custody (here, the Middle District of Alabama, where Bullock Correctional Facility is located), or (b) the district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where the City of Anniston, in Calhoun County, is located). Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district

within which the State court was held which convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

Because the matters complained of by Daniels stem from a conviction entered by the City of Anniston Municipal Court, in Calhoun County, and since the records related to these matters are located in Calhoun County, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for Northern District of Alabama for review and disposition.[1]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before October 6, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal

---

[1] A decision on Daniels's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      DONE This 18th day of September, 2017.


      /s/  Terry F. Moorer
      TERRY F. MOORER
      UNITED STATES MAGISTRATE JUDGE